UNITED STATES DISTRICT COURT
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: Grand Jury Subpoena<br>N-16-1-122(33) Control No. 1298 | **Under Seal**<br>Misc. No.<br>3:17mj1858(JGm)<br>November 30, 2017 |

FILED
2017 NOV 30 PM 1 37
U.S. DISTRICT COURT
NEW HAVEN, CT.

## APPLICATION FOR NON-DISCLOSURE AND SEALING ORDER

The United States requests that the Court order Microsoft Corporation (the "Provider") not to notify any person, including the subscribers and customers of the accounts that are the subject of above-referenced subpoena, of the existence of the subpoena for a period of one year, until November 30, 2018.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate

potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the subpoena, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

Moreover, the obligation of nondisclosure should terminate in six months rather than a shorter period of time because the United States anticipates this investigation to continue for several months to a year before the all the targets are identified and arrested and the investigation becomes public. The Court has an interest in keeping grand jury investigations secret, the grand jury investigation is ongoing, the entire investigation is in its early stages, and cyber-related investigations can be prolonged because cyberspace offers suspects numerous opportunities to hide their identity. In addition, The United States has reason to believe that one or more of the targets and additional evidence are located overseas, and based on the prior experience, obtaining evidence from abroad is a lengthy process that can take several months.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the above-referenced subpoena for a period of one year, that is until November 30, 2018, except that the Provider may disclose the subpoena to an attorney for the Provider for the purpose of receiving legal advice and as necessary to the Provider's employees for the sole purpose of compliance with and providing responsive information to the subpoena.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of

the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

NEERAJ N. PATEL
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:   (203) 821-3700
Email: neeraj.patel@usdoj.gov